**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ANTONIO LUIS FREIRE,

           Plaintiff(s),

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,

           Defendant(s).

Case No. 2:17-cv-01558-APG-NJK

**Report and Recommendation**

Plaintiff brings this case *pro se* and is seeking to appear *in forma pauperis* pursuant to 28 U.S.C. § 1915. Federal courts have the authority to dismiss a case if the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear

from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff purports to bring claims against various state governmental entities and officers. Although not entirely clear, it appears that these claims stem from Plaintiff's arrests and family court proceedings. *See, e.g.*, Docket No. 1-1 at 5. Plaintiff alleges that law enforcement agencies violated their oaths of office and contracts with Plaintiff arising out of those events. *See, e.g.*, *id.* at 5, 8. Plaintiff also alleges that several state court judges "levied war" against him and had him "held for ransom." *See id.* at 8. The complaint includes various ramblings that appear unrelated to Plaintiff's arrests and family court proceedings. *See, e.g.*, *id.* at 10 ("Traitors, Protestants, Liberals and Heretics take heed for I oppose your causes for I am a dignitary to assist the injured off of the battlefield"). Plaintiff claims he is entitled to millions of dollars in accordance with his fee schedule. *See id.* at 8; *see also id.* at 4 (claiming more than $100,000 for each felony offense allegedly committed).

In light of the frivolous and delusional nature of Plaintiff's claims, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** with prejudice and that his application to proceed *in forma pauperis* be **DENIED** as moot.

Dated: July 3, 2017

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).